IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| L.K., A MINOR, BY AND THROUGH HER NEXT FRIEND BRENDA YARBOROUGH | § § § § | |
| Plaintiffs, | § | Civil Action No.: 3:09-cv-469-M |
| v. | § § § | |
| MAZDA MOTOR CORPORATION, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Mazda Motor Corporation's Motion to Dismiss, and Alternative Motion to Quash, for Insufficient Service of Process and Lack of Personal Jurisdiction [Docket Entry #3]. Insofar as the Motion seeks to quash the subpoena, it is **GRANTED**; the other relief sought is **DENIED**.

*Background*

On September 25, 2008, L.K., a minor, through her next friend, Brenda Yarborough, (Plaintiffs), filed a lawsuit in the 413th Judicial District Court of Johnson County, Texas, claiming, *inter alia*, that Mazda Motor Corporation ("Defendant") was negligent in the design and manufacture of one of its automobiles. On March 11, 2009, Defendant removed the case to this Court and filed the instant Motion. In its Motion, Defendant alleges that Plaintiffs failed to comply with mandatory requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("the Hague Convention")[1] and asks the Court to dismiss the case pursuant to Federal Rule of Civil Procedure

---

[1] Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Feb. 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6338.

12(b)(5), or, in the alternative, to quash the subpoena. Defendant also claims that without proper service, the Court lacks personal jurisdiction over it, and on that basis moves to dismiss the Complaint.

### *Legal Standard*

A motion to dismiss under Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff."[2] The party who effected service bears the burden of establishing its validity.[3] Where a court finds "service is insufficient but curable, it generally should quash the service and the give the plaintiff an opportunity to re-serve the defendant."[4] However, a showing of actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules justifies dismissal."[5]

### *Analysis*

Defendant alleges that Plaintiffs failed to properly serve it pursuant to the requirements of the Hague Convention. Federal Rule of Civil Procedure 4(h)(2) provides that service outside the United States on a defendant from whom a waiver of service has not been obtained may be effectuated in "any manner prescribed by Rule 4(f)," which in turn provides that a foreign corporation may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."[6] Japan and the United States are both signatories to the Hague Convention. The Hague Convention requires each country to designate a Central Authority to which any request for service will be sent. The documents will then be

---

[2] *Tinsley v. Comm'r*, 3:96-CV-1769-P, 1998 WL 59481, at *7 (N.D. Tex. Feb. 5, 1998) (Solis, J.).
[3] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 436 (5th Cir. 1981).
[4] *Rhodes v. Sauer & Sohn, Inc.*, 98 F.Supp.2d 746, 750 (W.D. La. 2000).
[5] *Libertad v. Welch*, 53 F.3d 428, 440 (1st Cir. 1990).
[6] Fed.R.Civ.P. 4(f)(1).

sent by the Central Authority to the party being served.[7]  The Central Authority may require the documents to be translated into the official language of the country in which the party being served is located, and Japan requires a full translation for any document to be served.[8]  The Fifth Circuit has held the Hague Convention does not permit service by registered mail.[9]

Here, Plaintiffs' counsel admits that he failed to comply with the requirements of the Hague Convention, but essentially argues that because Defendant appeared through counsel despite the noncompliance with the Hague Convention, the requirements of Rule 4(f) and the Hague Convention do not matter.  The Court disagrees.  Plaintiffs must comply with the requirements of the Hague Convention in order to properly commence a lawsuit against a foreign defendant, and the fact that Defendant has appeared despite the defective service does not make the Hague Convention or Rule 4 "superfluous."

Plaintiffs state that service in conformity with the Hague Convention will take twelve to sixteen weeks, but request six months to re-serve Defendant.  Plaintiffs give no justification for their request for extra time.  Plaintiffs are **ORDERED** to properly serve Defendant, pursuant to the Hague Convention, within sixteen weeks of the date of this Order.  Because Plaintiff must re-serve Defendant, the Court does not now reach the issue of whether the exercise of personal jurisdiction over Defendant would violate its due process rights.

Regarding Defendant's Motion to Dismiss under Rule 12(b)(5), the Court is of the view that because Defendant has not shown it has suffered hardship because of Plaintiffs' failure to satisfy the requirements of the Hague Convention, dismissal of the suit is not warranted, and the Motion to Dismiss is thus **DENIED**.  However, the Court notes that this is not the first time Plaintiff's counsel has ignored the requirements of the Hague Convention.  In *Albo v. Suzuki*

---

[7] 20 U.S.T. 361 at art. 5.
[8] *See Albo v. Suzuki Motor Corp.*, No. 3:08-0139-KC, 2008 WL 2783508, at *2 (W.D. Tex. 2008).
[9] *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002).

*Motor Corporation*, the court noted "multiple instances in which Plaintiff's counsel has failed to comply with the Hague convention in the process of serving foreign corporations in other cases."[10]  Plaintiffs' counsel is advised that if he fails to comply with the Hague Convention in future cases where it is applicable, this Court will consider whether that is a "flagrant disregard of the requirements of the rules" that justifies dismissal.

**SO ORDERED**.

April 15, 2009.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**

---

[10] *Albo*, 2008 WL 2783508, at *1-4.

4